**NATIONAL LABOR RELATIONS BOARD, Applicant,**

v.

**E. Bruce HARVEY, Respondent.**

**Civ. No. 64-C-12-L.**

United States District Court
W. D. Virginia,
at Lynchburg.
Feb. 15, 1966.

---

an attorney-client relationship existed which justified the refusal of respondent, E. Bruce Harvey, to obey the subpoena duces tecum heretofore issued and served on him by the National Labor Relations Board.

In compliance with Rule 52(a), F.R. Civ.P., this Court does hereby find the facts specially and state separately its conclusions of law thereon, as follows:

## FINDINGS OF FACT.

In February and March, 1963, respondent, E. Bruce Harvey, then forty three years of age, a graduate of Washington & Lee University Law School, was a duly qualified attorney at law engaged with a partner in the general practice of law in the Town of Altavista, Virginia, under the firm name of Arthur and Harvey. He had been engaged in the general practice of law since 1950. Neither he nor his firm, in February and March 1963, represented, had previously represented, nor since represented, as attorneys or in any capacity, American Furniture Company of Martinsville, Virginia, whose employees, in the Spring of 1963, District 50 United Mine Workers of America were seeking to organize.

In the latter part of February 1963, a representative of a competitor of American Furniture Company, with which it had no business connections at all, came to see respondent Harvey. This individual or company had been a continuous client of the law firm of Arthur and Harvey for at least eight years and has so continued. His client's representative told Harvey that "his plant was under organization by a labor union and he wanted advice from us as to what steps he could take in opposition to his plant being organized." He was pretty excited about it. Upon being asked by Harvey how he knew his plant was being organized, the client told him that "he had information that a labor organizer had established residence in the general area of his plant operations and that was enough for him to think that his plant was being organized." This immediately brought to Harvey's mind (as he put it)

George B. Driesen, Washington, D. C., and Edwin J. Gutman, Baltimore, Md., Attys., National Labor Relations Board, for NLRB.

S. Bolling Hobbs, Lynchburg, Va. (Caskie, Frost, Davidson & Hobbs, Lynchburg, Va., on the brief), for E. Bruce Harvey, respondent.

BARKSDALE, District Judge.

Pursuant to the mandate of the Court of Appeals on the remand of this case to this court, N. L. R. B. v. Harvey, 4 Cir., 349 F.2d 900, a full evidentiary hearing was held on February 9, 1966, to enable this court to determine whether or not

that "employer-employee relationships are in a nebulous area when it comes to union organization, and as to what an employer can say, how he can say it, when he can say it, etc., and also when a plant is being organized, or when a plant is not being organized, is very nebulous, too, in labor practice as to what an employer can do, and it was in this area that he assumed that he would be giving him advice." Harvey suggested to his client that the "employment of a detective would be the best means to find out actually whether he was being organized or not." The client agreed, so Harvey employed one O. T. Link, a private detective of Danville, Virginia, near the end of February or the first of March, 1963, without identifying to him the client for whom he would be making the investigation, and directed him to find out the activities of Mr. Shrader, the organizer for the United Mine Workers, then operating in Rocky Mount, Virginia, and vicinity, in that area, and any other area in which he might be found to be operating. Link kept Shrader under surveillance for one week, March 4–March 11, 1963, and made a written report of his activities to Harvey, who delivered a copy thereof to his client. A copy of this report was delivered to the Regional Attorney of the National Labor Relations Board on May 25, 1964. This report was not delivered to American Furniture Company, nor were its contents communicated to it or any of its representatives by Harvey, nor, so far as he knows, by anyone else. Upon his examination of the report by Harvey's client, it appeared that Shrader had not been in contact with any of the client's employees, so Harvey advised his client "that that was real good, and that was the end of it."

During conversations between the client, Mr. Harvey and his partner Mr. Arthur, no one else was present. Mr. Harvey has sought his client's consent to reveal the nature of the employment and the communications between them, and the client has not consented that such be revealed.

## CONCLUSIONS OF LAW.

From the facts found, this court concludes that, in this instance, the attorney-client privilege existed, protects Harvey, and constitutes legal justification for his refusal to reveal the identity of his client, or to give other information sought by the National Labor Relations Board in its subpoena duces tecum served upon him.

██ The definition of the attorney-client privilege found in United States v. United Shoe Machinery Corp., 89 F.Supp. 357, 358 (D.C.Mass.1950), has been often quoted and seems to be generally accepted as authoritative. It is my conclusion that the situation here definitely falls within this definition. To paraphrase:

(1) Harvey's client, the asserted holder of the privilege, was a client;

(2) the person to whom the communication was made, Harvey, (a) was a member of the bar of this court and all the courts of the Commonwealth of Virginia, and (b) in connection with his communication with his client, Harvey was acting as a lawyer;

(3) the communication related to facts of which Harvey, the attorney, was informed (a) by his client, (b) without the presence of strangers, (c) for the purpose of securing advice or an opinion on law, not (d) for the purpose of committing a crime or tort; and

(4) the privilege has been (a) claimed, and (b) not waived by the client.

For the historical background of this case and prior proceedings herein, see Link v. NLRB (C.A.4), 330 F.2d 437; NLRB v. Harvey (D.C., W.D.Va.), 235 F.Supp. 580, and NLRB v. Harvey, 4 Cir., 349 F.2d 900.

It follows that the application of National Labor Relations Board for an order requiring Harvey to appear before this court and the Regional Director of the Board and there produce the documents described in their subpoena duces tecum and give testimony in connection therewith, will be denied, the rule to show

cause will be discharged, and the subpoena duces tecum will be quashed.

## ORDER.

On February 9, 1966, this cause came on to be again heard upon the application of the National Labor Relations Board for an order requiring respondent, E. Bruce Harvey, to obey a subpoena duces tecum issued and served upon him by the Board, and upon a rule to show cause against said respondent issued by the court on June 23, 1964, requiring respondent to appear before this court and show cause, if any there be, why an order should not issue directing him to appear before this court and John A. Penello, Regional Director of the Board, at such time and place as the court and said Penello should determine, and there produce the books, papers, records and other data described in said subpoena duces tecum and give testimony in connection with the proceeding now pending before the Board. Pursuant to the mandate of the Court of Appeals on the remand of this case to this court, N. L. R. B. v. Harvey, 349 F.2d 900, a full evidentiary hearing was this day held to enable this court to determine whether or not an attorney-client relationship existed which justified the refusal of respondent to obey the said subpoena duces tecum. The National Labor Relations Board, by counsel, stated to the court that it was content to rely upon the evidence heretofore placed in the record by it, and did not desire to introduce further testimony. Thereupon, respondent, E. Bruce Harvey, was sworn and testified to the circumstances of his employment, which, amongst other things, led to his employment of O. T. Link, for the surveillance of a union organizer. At the conclusion of the direct evidence of the respondent, both sides rested, and counsel for both sides argued their respective contentions.

For reasons set out in the court's Findings of Fact and Conclusions of Law this day filed, 250 F.Supp. 639, the court being satisfied that good cause has been shown why this court should not enter an order requiring respondent, E. Bruce Harvey, to appear before this court and said Penello at such time and place as the court and said Penello may determine and there produce the books, papers, records and other data described in the subpoena duces tecum served upon him, and give testimony in connection with the proceeding now pending before the Board, it is so adjudged.

It is therefore

## Ordered

that the application of said Board for an order requiring said respondent to appear before this court and said Penello and there produce the documents described in the said subpoena duces tecum and give testimony in connection with the proceeding now pending before the Board, be, and the same is, hereby denied.

And it is further

## Ordered

that the rule to show cause issued against respondent, E. Bruce Harvey, on June 23, 1964, be, and the same is, hereby discharged, and that the subpoena duces tecum be, and the same is, hereby quashed.

To all of which action of the court, the National Labor Relations Board, by counsel, duly objected and excepted for reasons fully stated to the court.

The Clerk will certify and mail copies hereof, together with uncertified copies of the court's Findings of Fact and Conclusions of Law this day filed by the court, to George B. Driesen, Esq., Attorney, National Labor Relations Board, Washington, D. C., and Edwin J. Gutman, Esq., Attorney, National Labor Relations Board, 707 N. Colvert Street, Baltimore, Maryland, counsel for the applicant, and to S. Bolling Hobbs, Esq., Caskie, Frost, Davidson & Hobbs, 925 Church Street, Lynchburg, Virginia, counsel for the respondent.